UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MARVIN CENAC,

        Plaintiff,

  - against -

CITY OF NEW YORK, NEW YORK CITY POLICE
DETECTIVE RICHARD CARNEY, and "JOHN
DOES 1-2", persons employed by the NEW YORK
CITY POLICE DEPARTMENT,

        Defendants.
---------------------------------------------------------------- x

: Civil Action: 16-CV-4995

: **COMPLAINT**

: Demand for Jury Trial

Plaintiff, by and through his undersigned attorney, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Marvin Cenac (hereinafter "Plaintiff") brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of his rights under 42 U.S.C. Section 1983 and the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and the rights secured by the Constitution of the State of New York, Article I, Sections 6, 8 and 12, and by the common law of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343(a)(3) and (4).

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over any and all state constitutional and state law claims as such claims are so related to claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action on each and every claim pleaded herein pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, who is presently, and was at all times relevant to this action, domiciled in the County of Kings, City and State of New York.

7. Defendant CITY OF NEW YORK (hereinafter "NYC") is a municipal entity, created and existing pursuant to the laws of the State of New York.

8. At all times hereinafter mentioned, NYC operated, controlled and maintained a police force known as the New York City Police Department (hereinafter "NYPD") which was the agent of NYC in the area of law enforcement, and NYC had the responsibility and obligation to use reasonable care in hiring, training, and supervising its NYPD employees and assumed the risks incidental to the maintenance of the NYPD and its officers, agents and employees.

9. At all times hereinafter mentioned, Defendant NEW YORK CITY POLICE DETECTIVE RICHARD CARNEY, shield number 1877 of the 94th Precinct (hereinafter "DETECTIVE CARNEY") was an NYPD detective employed by NYC and acting within the course and scope of his employment.

10. The names "JOHN DOES 1 - 2" are fictitious, and are intended to be individuals employed by NYC and engaged in law enforcement, who were involved in the stop, detention,

search, arrest, prosecution, and confinement of Plaintiff, whose names are presently unknown to Plaintiff.

11. At all times hereinafter mentioned, Defendants JOHN DOES 1 - 2 were NYPD police officers employed by NYC and acting within the course and scope of their employment.

12. At all times hereinafter mentioned, Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 were acting under color of state law.

13. At all times hereinafter mentioned, Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 were acting jointly and in concert with each other.

14. At all times hereinafter mentioned, Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 had a duty and obligation to protect the rights of individual citizens generally, and the rights of Plaintiff in particular, as guaranteed by the United States Constitution and the laws of the State of New York.

15. Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 are sued herein in both their individual and official capacities.

## STATEMENT OF FACTS

16. The facts alleged in this complaint are based upon the personal observations of Plaintiff regarding events that took place in his presence, and upon information and belief, the sources thereof are documents prepared in connection with the arrest and / or criminal prosecution of Plaintiff, and public documents and information relating thereto which are presently available to Plaintiff. The aforesaid documentary evidence is presently incomplete, as it does not include numerous documents and exhibits, and therefore the complaint has been prepared without the benefit of discovery.

17. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth

in the preceding paragraphs 1 through 16 with the same force and effect as if fully set forth herein.

18. On or about September 9, 2013, at approximately 12:40 p.m., Plaintiff was unlawfully arrested at or near the 94th Precinct located at or near 100 Meserole Avenue, Brooklyn, New York 11222, in connection with an incident that allegedly occurred on or about July 5, 2013 at approximately 4:40 a.m.

19. On or about July 5, 2013, at approximately 4:40 a.m., Plaintiff was not engaged in any illegal activity.

20. Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 stopped, detained, searched, handcuffed and arrested Plaintiff without an arrest warrant, without probable cause, and without any reasonably reliable information that Plaintiff had committed any crime or illegal act. Any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime or illegal act, that any report or information that Plaintiff had committed a crime or illegal act was false and baseless, and that there was no legal justification for the detention or arrest of Plaintiff.

21. Plaintiff cooperated with Defendants and did not resist the unlawful arrest.

22. Plaintiff was wrongfully arrested and charged with the crimes and violations of: (1) Attempted Murder in the 2nd Degree (NYPL § 110/125.25 [1]); (2) Assault in the 1st Degree (NYPL § 120.10 [1]); (3) Assault in the 2nd Degree (NYPL § 120.05 [1]); (4) Assault in the 2nd Degree (NYPL § 120.05[(2]); (5) Assault in the 3rd Degree (NYPL § 120.00 [1]); (6) Leaving the Scene of an Incident Without Reporting (NY VTL § 600 (2)(A) and (C)(I)); and (7) Criminal Possession of a Weapon in the 4th Degree (NYPL § 265.01 [2]).

23. Prosecution was instituted and continued against Plaintiff with malice and bad faith for the aforesaid charges in the Supreme Court of the State of New York, Kings County (Docket Number: 2013KN070240).

24. Said prosecution of Plaintiff continued until October 9, 2015, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

25. On or about October 9, 2015, the criminal action and all related charges pending against Plaintiff were dismissed by the Honorable Ingram, J., then a Judge of the Supreme Court of the State of New York, Kings County.

26. Plaintiff was caused to be wrongfully incarcerated from September 9, 2013 until May 8, 2015, upon which date he posted bail.

27. Plaintiff was required to appear and remain in court on numerous occasions during the pendency of the wrongful and malicious prosecution.

28. Plaintiff was obligated to retain and compensate counsel to represent him in connection with the wrongful and malicious prosecution.

29. At all times relevant to this action, the Defendants acted intentionally, willfully, knowingly, maliciously, negligently, and with reckless disregard for, and deliberate indifference to the rights of Plaintiff.

30. The actions of the Defendants in the arrest, detention and prosecution of Plaintiff were done with malice and a deliberate indifference to the rights of Plaintiff, and were the direct

result of the failure of Defendant NYC, and the NYPD, to properly hire, train, supervise, monitor and discipline its police officers, employees and agents.

31. The actions of Defendants in the arrest, detention and prosecution of Plaintiff were the direct result of policies, practices and customs developed, implemented, enforced, encouraged, sanctioned or tolerated by Defendant NYC, and the NYPD.

32. As a result of the aforesaid acts or omissions of Defendants, Plaintiff sustained personal, physical, and emotional injuries and losses including, pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, professional and economic losses, and financial costs and expenses.

33. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution
(False Arrest and Imprisonment)

34. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, stopped, detained, searched, handcuffed and arrested Plaintiff and did cause Plaintiff to be imprisoned, incarcerated, held or detained, without an arrest warrant, without probable cause, without any reasonably reliable information that Plaintiff had committed, was committing, or would commit, any illegal act, where any reasonable investigation

of the relevant facts and circumstances would have revealed that Plaintiff had not committed and would not commit any illegal act and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the stop, detention, search, arrest, imprisonment or incarceration of Plaintiff.

36. The aforesaid acts or omissions of Defendants were in violation of Plaintiff's rights to due process of law and to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

37. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

<u>SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS</u>
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution
(Abuse of Process)

38. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts, with the purpose of activating the process with intent to harm Plaintiff without economic or social excuse or justification, to obtain a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate purpose of the process. Defendants' collateral objectives included the concealment of Defendants' own criminal acts in knowingly arresting Plaintiff without legal basis, justification or probable cause.

40. The aforesaid acts or omissions of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights to due process of law and to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

41. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. Section 1983 and the
Fourth Amendment of the United States Constitution
(Malicious Prosecution)

42. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, engaged in a deliberate and unjustified course of action to prosecute Plaintiff, and to secure a conviction based upon fabricated evidence, for crimes that Plaintiff did not commit, without probable cause, without any reasonably reliable information that Plaintiff had committed any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any illegal act, and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution of Plaintiff.

44. Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate and / or continue criminal proceedings against Plaintiff.

46. Defendants acted with malice in initiating and / or continuing criminal proceedings against Plaintiff.

47. The aforesaid acts or omissions of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights to due process of law and to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

48. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT NYC
Violation of Rights Secured by 42 U.S.C. Section 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution
(Municipal Liability "Monell" Claim)

49. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2, each individually and collectively, within the scope of their employment and authority and under color of state law, engaged in conduct which constituted customs, policies, procedures, rules or usages of the NYPD and the specific NYPD precinct(s) to which they were assigned and which were in violation of the rights of individuals as secured by the Constitution of the United States.

51. The aforesaid customs, policies, procedures, rules or usages of the NYPD and the specific NYPD precinct(s) included but were not limited to, the use of excessive force, stopping,

detaining, searching, arresting, imprisoning or incarcerating the arrest without legal justification or probable cause, and not intervening when other officers violated an individual's rights.

52. The aforesaid conduct was consistent with the institutionalized practices of the NYPD which was known and sanctioned by Defendant NYC.

53. Despite knowledge of the institutionalized practices of the NYPD, Defendant NYC took no effective actions to end or prevent such practices.

54. Defendant NYC had prior notice of the propensity of Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2, but took no steps to end or prevent them from doing so.

55. Defendant NYC had prior notice that Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 had inadequate training regarding the applicable provisions of the Penal Law of the State of New York, other applicable laws, federal and state constitutional protections and the prudent and excessive levels of physical force, but took no steps to ensure that they were provided with adequate appropriate training.

56. Defendant NYC authorized, tolerated and ratified the misconduct of its police officers generally, and Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 specifically, by failing to discipline police officers, failing to take adequate precautions in hiring, educating, training, promoting and retaining police officers, failing to turn over evidence of unlawful and criminal acts to prosecutors, failing to establish and maintain a meaningful system for responding to complaints of police misconduct, which constituted deliberate indifference by Defendant NYC to the rights secured by the United States Constitution, and deliberate indifference to physical safety and well-being.

57. The aforesaid acts or omissions of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights to due

process of law and to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

58. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

## **STATE LAW CLAIMS**

59. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. On November 9, 2015, within ninety days after Plaintiff's claims arose, Plaintiff filed a Notice of Claim upon Defendant NYC by delivering a copy of such Notice of Claim to the person(s) designated by law upon whom such service is to be made.

61. The Notice of Claim was in writing, sworn to by the Plaintiff, and contained all facts and information required pursuant to New York General Municipal Law Section 50-e and 50-i including the name and address of the Plaintiff, the nature of Plaintiff's claims, the time and place, and manner by which any the claims arose, and the injuries and damages sustained by Plaintiff.

62. The City of New York has failed to adjust or pay Plaintiff's claims.

63. The City of New York has failed to demand a 50-h hearing pursuant to General Municipal Law Section 50-h.

64. This action was commenced within one year and ninety days after the claims accrued.

65. Plaintiff has complied with all conditions precedent to maintaining this action.

66. All state causes of action pleaded herein fall within one or more of the exceptions set forth in New York Civil Practice Law & Rules Section 1602 with respect to joint and several liability.

FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Sections 6 and 12 of the New York State Constitution
Law of the State of New York
(Malicious Prosecution)

67. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 66 with the same force and effect as if fully set forth herein.

68. Defendants, acting in concert and within the scope of their employment and authority, engaged in a deliberate and unjustified course of action to prosecute Plaintiff, and to secure a conviction based upon fabricated evidence, for crimes that Plaintiff did not commit, without probable cause, without any reasonably reliable information that Plaintiff had committed any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any illegal act and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution of Plaintiff, were in violation of Plaintiff's rights to be free from unreasonable searches and seizures and arrest without probable cause as secured by the Constitution and laws of the State of New York.

69. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

70. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary

damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

71. Defendant NYC is also liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by Article I, Sections 6 and 12 of the New York State Constitution
Law of the State of New York
(Abuse of Process)

72. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 71 with the same force and effect as if fully set forth herein.

73. Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts, with the purpose of activating the process with intent to harm Plaintiff without economic or social excuse or justification, to obtain a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate purpose of the process. Defendants' collateral objectives included the concealment of Defendants' own criminal acts in knowingly arresting Plaintiff without legal basis, justification or probable cause.

74. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

75. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

76. Defendant NYC is also liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Law of the State of New York
(Intentional / Negligent Infliction of Emotional Distress)

77. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 76 with the same force and effect as if fully set forth herein.

78. Defendants, acting in concert and within the scope of their employment and authority, engaged in conduct that was extreme, outrageous, shocking, and offensive and which exceeded all standards of reasonable behavior, and was intended, and reasonably expected to cause severe emotional distress to Plaintiff, and did in fact cause Plaintiff severe emotional distress.

79. As a direct and proximate cause of Defendants' intentional / negligent infliction of emotional distress on Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

80. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

81. Defendant NYC is also liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Law of the State of New York
(Negligence / Gross Negligence)

82. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 81 with the same force and effect as if fully set forth herein.

83. Defendants, acting in concert and within the scope of their employment and authority, failed to exercise reasonable care in the performance of their duties, failed to adequately evaluate the relevant facts and circumstances, failed to take adequate precautions for the safety and well-being of Plaintiff, acted with utter disregard for the safety and well-being of Plaintiff, and were otherwise negligent and grossly negligent, which negligence and gross negligence was the proximate cause of injuries and damages sustained by Plaintiff without any negligence on the part of Plaintiff contributing thereto.

84. As a direct and proximate cause of Defendants' negligence / gross negligence, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

85. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

86. Defendant NYC is also liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANT NYC
Law of the State of New York
(Negligent Screening, Hiring, Supervision and Retention)

87. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 86 with the same force and effect as if fully set forth herein.

88. Defendant NYC failed to use reasonable care in screening, hiring, supervising, and retaining NYPD employees generally, and Defendants DETECTIVE CARNEY and JOHN DOES 1 - 2 specifically, as well as any and all other officers, employees, or agents of Defendant NYC that were involved in the stop, detention, search, handcuffing, arrest, or prosecution of Plaintiff.

89. As a direct and proximate cause of Defendant's negligent screening, hiring, supervision and retention of its employees, agents and / or servants, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

90. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

91. Defendant NYC is also liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

## TENTH CLAIM FOR RELIEF AGAINST DEFENDANT NYC
Law of the State of New York
(Negligent Training)

92. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 91 with the same force and effect as if fully set forth herein.

93. Defendant NYC failed to use reasonable care in training, educating and informing NYPD employees generally, and Defendant Detective Carney and Defendant JOHN DOES 1 - 2, specifically, as well as any and all other officers, employees, or agents of Defendant NYC that were involved in the stop, detention, search, handcuffing, arrest, or prosecution of Plaintiff.

94. As a direct and proximate cause of Defendant's negligent training of its employees, agents and / or servants, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

95. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

96. Defendant NYC is also liable for damages sustained by Plaintiff as a result of the aforesaid acts or omissions of its police officers, agents, servants, licensees and / or employees under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

c. Attorney's fees pursuant to 42 U.S.C. Section 1988;

d. Plaintiff's costs;

e. Pre-judgment and post-judgment interest;

f. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 7, 2016

Respectfully submitted,

By: _____
Philip V. Aiello (PA-2908)
ATESHOGLOU & AIELLO, P.C.
Attorneys for Plaintiff
11 Park Place, Suite 1715
New York, New York 10007
(212) 545-1740
paiello@atesh.com